Cavanagh, J.
I concur with the result in this case, affirming defendant’s conviction and sentence and rejecting defendant’s claim that the trial court committed a structural constitutional error when it failed to define reasonable doubt. However, I write separately because in reaching this result, the majority applies the plain error principle articulated in People v Carines, 460 Mich 750, 763; 597 NW2d 130 (1999).
In Carines, I joined Justice Kelly’s partial dissent, which stated that “a contemporaneous objection to an erroneous jury instruction is not required to preserve the issue for appeal.” 460 Mich 778. Justice Kelly also stated:
Defendant’s conviction should only “be affirmed if the reviewing court is satisfied that the error is harmless beyond a reasonable doubt.” People v Graves, 458 Mich 476, 482; 581 NW2d 229 (1998). Given that “erroneous jury instructions regarding essential elements [are] reviewed for harmless error by utilizing a ‘prejudice’ standard,” this Court must assess whether a properly instructed jury might, have reached a different result, had the error not occurred. (People v Vaughn, 447 Mich 217, 228, 230, 238; 524 NW2d 217 (1994) (opinion of Brickley, J.).] [Id]
I agree with the majority that defendant is not entitled to reversal of his jury conviction because of the omission of a definition of “reasonable doubt” because I do not believe that a jury would have found *94 any differently even if the trial judge would have defined reasonable doubt. Because I disagree with the principle articulated in Carines that is applied here, I am unable to join the majority opinion.
Kelly, J., concurred with Cavanagh, J.